# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH GILBERT,<br><br>    Plaintiff,<br><br>    v.<br><br>FELIX IGBINOSA, et al.,<br><br>    Defendants. | Case No. 1:15-cv-01352-LJO-SKO (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING ACTION BE DISMISSED, WITH PREJUDICE, PURSUANT TO DOCTRINE OF CLAIM PRECLUSION<br><br>(Docs. 1, 4, and 5)<br><br>THIRTY-DAY OBJECTION DEADLINE |

Plaintiff Joseph Gilbert, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 4, 2015.[1] Plaintiff alleges that his rights were violated during his incarceration at Pleasant Valley State Prison ("PVSP") between 2004 and 2009. His claims arise from his exposure to and contraction of Valley Fever.

On September 11, 2015, Plaintiff was ordered to show cause why this action should not be dismissed, with prejudice, as barred by the doctrine of claim preclusion, or *res judicata*. *Headwaters, Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1054-55 (9th Cir. 2005). Plaintiff filed a response on October 1, 2015.

///

///

---

[1] Plaintiff filed a motion seeking leave to proceed in forma pauperis on October 9, 2015. Given that this action is barred, the Court elects to recommend dismissal of this action without ruling on Plaintiff's motion.

As Plaintiff was informed in the order filed on September 11, 2015, the statute of limitations which applies to Plaintiff's section 1983 claims is two years.[2] Cal. Civ. Proc. Code § 335.1; *Butler v. Nat'l Cmty. Renaissance of California*, 766 F.3d 1191, 1198 (9th Cir. 2014). Plaintiff may be aware of the timeliness issue, as he alleges that (1) this is an amended complaint which relates back to his original complaint in case number 1:09-cv-020650-AWI-DLB, *Gilbert v. Yates, et al.*, and (2) he discovered new evidence. (Comp., 7:20-26.) However, Plaintiff may *not* relate his complaint in this new action back to the complaint filed in his prior action. *See* Fed. R. Civ. P. 15(c); Cal. Civ. Proc. Code § 473; *Butler*, 766 F.3d at 1201. Moreover, Plaintiff's prior case, which involved his exposure to and contraction of Valley Fever while at PVSP, was dismissed on February 10, 2011, with prejudice for failure to state a claim upon which relief may be granted, and the ruling was affirmed on appeal on July 25, 2012. The doctrine of claim preclusion, or *res judicata*, bars Plaintiff from bringing his claims a second time in a new suit.[3] *Headwaters, Inc.*, 399 F.3d at 1051.

Plaintiff's response to the order to show cause identifies no legal grounds which would allow this action to proceed. Plaintiff states that he submitted an amended complaint for filing in his previous case but it was rejected by the Court on August 24, 2015, and he then filed this case to relate the complaint back to his original complaint in his previous case. Plaintiff includes a copy of his complaint in his closed case and a notice from the Clerk's Office, which informed him that the case was closed in 2011 and his documents were not suitable for filing in the case. (Doc. 5, Response, Exs. A, B.)

As Plaintiff was informed in the order to show cause, he may not file a new action and relate the complaint back to his complaint in his closed case. Further, Plaintiff's claims were dismissed, with prejudice, and he is barred from relitigating them in a new case. Accordingly, the

---

[2] Plaintiff may also be entitled to two additional years under the applicable tolling statute, if he is not serving a sentence of life without the possibility of parole. Cal. Civ. Proc. Code § 352.1.

[3] To the extent Plaintiff seeks relief from the prior judgment based on newly discovery evidence, his sole recourse is to seek relief in his prior case. Fed. R. Civ. P. 60(b). However, motions to set aside judgment based on newly discovery evidence must be brought within one year, Fed. R. Civ. P. 60(c)(1).

Court HEREBY RECOMMENDS that this action be dismissed, with prejudice, as barred by the doctrine of claim preclusion.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 14, 2015**                         **/s/ Sheila K. Oberto**
                                        UNITED STATES MAGISTRATE JUDGE