# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH GILBERT,<br><br>    Plaintiff,<br><br>    v.<br><br>FELIX IGBINOSA, et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:15-cv-01352-LJO-SKO (PC)<br><br>ORDER (1) VACATING DISMISSAL ORDER AND JUDGMENT TO CONSIDER OBJECTIONS, (2) ADOPTING FINDINGS AND RECOMMENDATIONS IN FULL, (3) DENYING IN FORMA PAUPERIS APPLICATION AS MOOT, (4) DISMISSING ACTION WITH PREJUDICE AS BARRED BY DOCTRINE OF CLAIM PRECLUSION, AND (5) DIRECTING CLERK'S OFFICE TO ENTER JUDGMENT<br><br>(Docs. 7-11) |

## I. Procedural Background

Plaintiff Joseph Gilbert ("Plaintiff"), a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 4, 2015.[1] Plaintiff alleges that during his incarceration at Pleasant Valley State Prison between 2004 and 2009, he was exposed to and contracted Valley Fever, in violation of his constitutional rights. However, Plaintiff previously litigated his exposure to and contraction of Valley Fever in *Gilbert v. Yates, et al*, case number 1:09-cv-02050-AWI-DLB. *Gilbert v. Yates* was dismissed with prejudice on February 10, 2011, and the judgment was affirmed on appeal on July 25, 2012.

---

[1] Plaintiff filed a motion seeking leave to proceed in forma pauperis on October 9, 2015. Given the finding that this action was barred, the Magistrate Judge elected to recommend dismissal of this action without ruling on Plaintiff's motion.

On September 11, 2015, the Magistrate Judge ordered Plaintiff to show cause why this action should not be dismissed, with prejudice, as barred by the doctrine of claim preclusion.[2] *Headwaters, Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1054-55 (9th Cir. 2005). Plaintiff filed a response on October 1, 2015, and on October 15, 2015, the Magistrate Judge recommended this action be dismissed, with prejudice. Plaintiff was granted thirty days within which to file objections. The objection period expired on November 19, 2015, and on November 30, 2015, the undersigned adopted the findings and recommendations in full, dismissed this action, and entered judgment.

On December 2, 2015, Plaintiff filed objections. Assuming Plaintiff mailed his objections on November 3, 2015, as his proof of service indicates, the Court will consider them timely filed pursuant to the prison mailbox rule. *Douglas v. Noelle*, 567 F.3d 1103, 1107 (9th Cir. 2009); *Caldwell v. Amend*, 30 F.3d 1199, 1202-03 (9th Cir. 1994). The dismissal order and judgment entered on November 30, 2015, shall be vacated and the Court will consider Plaintiff's objections. Fed. R. Civ. P. 60(a).

**II.    Discussion**

Plaintiff advances four grounds in support of his argument that this action should not be dismissed: "(1) The Discovery Rule; (2) Cal. Civ. Pro. Code § 474; (3) Relation back doctrine; (4) Preclusion or Res Judicata do not apply." (Doc. 11, p. 1.) First, the "discovery rule" cited by Plaintiff is a rule that "arose in fraud cases as an exception to the general limitations rule that a cause of action accrues once a plaintiff has a 'complete and present cause of action.'" *Merck & Co., Inc. v. Reynolds*, 559 U.S. 633, 644, 130 S.Ct. 1784, 1793 (2010) (citation and internal quotation marks omitted). The exception arose in recognition of the fact that in fraud cases, the deceptive conduct at issue may prevent a plaintiff from even knowing of the fraud. *Merck & Co., Inc.*, 559 U.S. at 644, 1793. This is not a fraud case, however, and Plaintiff's citation to *Merck* for the proposition that his claims are not barred by the statute of limitations in light of the "discovery rule" is inapposite. As Plaintiff was already informed, to the extent he seeks relief from the

---

[2] Also known as *res judicata*.

judgment in his closed case based on newly discovery evidence, <u>his sole recourse is to seek relief in that case</u>.³ Fed. R. Civ. P. 60(b).

Next, Plaintiff's citation to Cal. Civ. Proc. Code § 474 and his invocation of the relation back doctrine are also inapposite. While section 474 allows a plaintiff to name Doe defendants and then amend once their true identities are discovered, such amendment is contemplated within the same action. *See Austin v. Massachusetts Bonding & Ins. Co.*, 56 Cal.2d 596, 602 (Cal. 1961).⁴ This is a new civil rights action and Plaintiff may not relate his original complaint in this case back to his original or amended complaint in *Gilbert v. Yates*. Fed. R. Civ. P. 15(c); Cal. Civ. Proc. Code §§ 474, 473; *Butler v. Nat'l Cmty. Renaissance of California*, 766 F.3d 1191, 1198 (9th Cir. 2014). Plaintiff's argument that section 474 permits him, in this case, to amend the original complaint filed in his previous case is not supportable under the law.

Finally, Plaintiff appears to object to the dismissal of this action as barred by claim preclusion because the issue was raised by the Court *sua sponte*. This argument also lacks merit. *Headwaters, Inc.*, 399 F.3d at 1054-55 ("As a general matter, a court may, *sua sponte*, dismiss a case on preclusion grounds. . . . ."). The law does not require courts to ignore preclusion issues; and Plaintiff previously brought an action in this court in which he litigated the same issues against the same parties or parties in privity and which resulted in a final judgment on the merits. *Id.* at 1052. Plaintiff was provided with notice and an opportunity to be heard on the issue twice, and neither his response to the order to show cause nor his objections identified any grounds that would preclude application of the claim preclusion doctrine. *Id.* at 1055.

///
///
///
///

---

³ Motions to set aside judgment based on newly discovery evidence must be brought within one year and the Court expresses no opinion on the viability of that avenue. Fed. R. Civ. P. 60(c)(1).

⁴ "[I]t is settled that a defendant sued by a fictitious name and later brought into the case by an amendment substituting his true name is considered a party to the action from its commencement for purposes of the statute of limitations, and the purpose of the provision." *Austin*, 56 Cal.2d at 602. The purpose of section 474 is to enable the plaintiff to bring suit before it is barred by the statute of limitations. *Id.* (quotation marks omitted).

**III.    Order**

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.  Plaintiff's objections do not have merit and the Court HEREBY ORDERS as follows:

1. The dismissal order and judgment, filed on November 30, 2015, are vacated;
2. The findings and recommendations, filed on October 15, 2015, are adopted in full;
3. Plaintiff's in forma pauperis application, filed on October 9, 2015, is denied as moot;
4. This action is dismissed, with prejudice, as barred by the doctrine of claim preclusion; and
5. The Clerk of the Court shall enter judgment and close this case

IT IS SO ORDERED.

Dated:    **December 9, 2015**         /s/ Lawrence J. O'Neill
                                       UNITED STATES DISTRICT JUDGE